UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODNEY MOORE,            ) | | |
|   Plaintiff,                    ) | | |
|                                           ) | | |
| vs.                                    ) | No. 19-4219 | |
|                                           ) | | |
| IDOC STAFF,                    ) | | |
|   Defendant                  ) | | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Illinois Department of Corrections (IDOC) staff violated his constitutional rights at Hill Correctional Center. Plaintiff says on March 26, 2019, a staff member handcuffed Plaintiff to the outside of his cell and pulled the chain of his cuff until he began to bleed. Staff then refused to provide medical treatment for Plaintiff's injuries. Plaintiff is requesting damages.

There are several problems with Plaintiff's complaint. First, Plaintiff's complaint identifies only general "IDOC-staff" as a Defendant and he must instead identify the specific individual or individuals who are responsible for causing his injuries. (Comp., p. 2). The Court notes while the first line of Plaintiff's complaint states "Seg. peel

1

(staff)" were responsible for handcuffing him, it is unclear whether "peel" is the name of a specific staff member. (Comp., p. 5). If Plaintiff is unsure of a specific name, he must at least provide a description such as the individual's physical description or job title and shift worked.

Second, Plaintiff has not clearly articulated a constitutional violation. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy,* 559 U.S. 34, 37–38 (2010). The question is whether the force used was *de minimis*, not whether the injury suffered was *de minimis*. *Outlaw v. Newkirk,* 259 F.3d 833, 837–38 (7th Cir. 2001).

Here, Plaintiff alleges only that guards pulled on a chain attached to his handcuffs. The attached medical records do not provide any additional information since the medical note indicates Plaintiff had dried blood on his thumb that appeared to be from a different injury. (Comp., p. 9). However, there is no indication of a specific, current injury in the record.

Plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted. [1]. If Plaintiff believes he can clarify his allegation and state a constitutional violation, he may file an amended complaint within 21 days. The amended complaint must stand complete on its own, must not make reference to the previous complaint, and must include all claims against all Defendants. Plaintiff must identify the specific individuals involved, provide a description of the force used, and

2

indicate any specific injury.  If Plaintiff fails to file an amended complaint or fails to allege a constitutional violation, his case will be dismissed with prejudice.

Plaintiff has also filed a motion for appointment of counsel. [6]. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received.  Therefore, the motion is denied. [6]. Plaintiff may renew his motion if he clarifies his intended claim.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.

2) If Plaintiff believes he can articulate a violation of his constitutional rights, he may file a proposed amended complaint in compliance with this order within 21 days or on or before January 3, 2020.  If Plaintiff fails to file an amended

complaint or fails to allege a constitutional violation, his case will be dismissed with prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claim. [6].

4) The Clerk of the Court is directed to provide Plaintiff with a complaint form and reset the internal merit review deadline within 30 days of this order.

Entered this 11th day of December, 2019.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE